I respectfully dissent from the majority Opinion and Award herein which appears to accept Plaintiff, Patricia Heflin's in court testimony that she wants to renounce her entitlement to workers' compensation death benefits as sufficient grounds to redistribute her share of death benefits to the other whole dependents.
Ms. Patricia Heflin, through counsel, filed a North Carolina Industrial Commission Form 18 Notice of Accident and Claim on June 22, 2004. On January 10, 2005, Ms. Heflin filed a Florida Petition for Workers' Compensation Benefits arising out of the death of the deceased-employee. Both North Carolina and Florida have jurisdiction of Ms. Heflin's workers' compensation claim. On March 24, 2005, Ms. Heflin's Florida counsel, Mark Zientz, voluntarily dismissed all Petitions for Benefits filed in Florida for workers' compensation benefits. Subsequently, on December 2, 2005, Ms. Heflin filed a wrongful death claim in Florida based on her allegation that the insurer failed to accept or deny the Florida workers' compensation claim and that under Florida law Ms. Heflin could proceed with this claim.
Defendants filed this claim in North Carolina with a Form 33 which was filed on April 29, 2004, requesting an expedited hearing to obtain an Order for payment of death benefits. On February 21, 2005 by email from Patricia A. Heflin, to Chief Deputy Commissioner Stephen L. Gheen, Ms. Heflin requested a stay of the case in North Carolina, and informed the Industrial *Page 11 
Commission that the claim had been filed in Florida in January 2005. No stay was granted. This case was set for hearing and Plaintiff, Patricia A. Heflin, appeared and testified that, as of the August 23, 2007 hearing date, she was attempting to renounce her entitlement to benefits as a dependent of the deceased employee. Based on this testimony, the majority has determined that Plaintiff's renouncement was valid and has redistributed Plaintiff's share of the death benefits. Based on the evidence before the Commission, Ms. Heflin's renouncement appears to be a response to the failure of the Commission to grant a stay to allow Ms. Heflin to proceed with her claim in Florida.
I am of the opinion that the Commission should have granted Ms. Heflin's Motion for Stay as to her share of the benefits. Proceeding with the hearing before the North Carolina Industrial Commission forced Ms. Heflin to have to make a choice between her case in Florida and her claim in North Carolina. Therefore, Ms. Heflin was forced to choose renouncement of her North Carolina claim wherein she had a statutory right to benefits in order to pursue her remedies under Florida law. I believe that such a forced election of forum unfairly prejudiced Ms. Heflin.
I therefore dissent from the majority opinion and would grant Ms. Heflin's Motion for Stay.